UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————

№ 17-CV-02491 (MKB) (RER)

————————————

JAMES HUGEE,

Plaintiff,

VERSUS

U.A.W. LOCAL 259 PENSION FUND,

Defendant.

————————————

**REPORT & RECOMMENDATION**
**February 15, 2019**

————————————

**TO THE HONORABLE MARGO K. BRODIE**
**UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff James Hugee ("Plaintiff" or "Hugee") commenced this action against U.A.W. Local 259 Pension ("Defendant" or "Fund") in the Civil Court of the City of New York, County of Queens, on March 27, 2017. Plaintiff alleged, *inter alia*, breach of contract claims. Defendant removed the case to this Court, pursuant to §§ 502(a), (e), and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended. 29 U.S.C. §§ 1132(a), (e)–(f). Plaintiff, proceeding *pro se*, amended his Complaint on December 4, 2017, and December 14, 2017. (Docket Entries ("Dkt. Nos.") 12, 17). Before the Court is Defendant's unopposed motion for summary judgment. Fed. R. Civ. P. 56. Defendant contends that Plaintiff's

claims are time-barred, and, in any event, legally deficient. Your Honor referred this matter to me for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(3). (ECF Order Dated 6/13/2018). For the reasons stated below, I respectfully recommend that the Court grant Defendant's motion for summary judgment and dismiss Plaintiff's complaint in its entirety.

**BACKGROUND**

Volkswagen of Woodside ("Volkswagen"), employed Hugee during 1983, 1984, 1985, and 1987. (Dkt. No. 30–4, Exh. B at 2; Dkt. No. 30, Exh. 1, Defendant's Local Rule 56.1 Statement of Material Facts

1

("Def. 56.1 Stmt.") ¶¶ 4, 10).[1] On Plaintiff's behalf, Volkswagen contributed to the Fund, pursuant to a collective bargaining agreement with Local 259, United Automobile Workers of America. (*Id*.). The collective bargaining agreement required the employer to contribute a specified amount to the Fund per hour worked by each employee. (*Id*. ¶ 8). Hugee suffered an on-the-job injury on October 1, 1984 and began collecting workers' compensation benefits through 1990. (*Id*. ¶ 10). Hugee stopped working for an employer who contributed to the Fund no later than 1989.[2] (*Id*. ¶ 11).

The Fund is a multiemployer employee pension benefit plan, as defined under ERISA. 29 U.S.C. § 1002(3), (37). (*Id*. ¶ 1). The Pension Plan Rules and Regulations control the distribution of benefits under the 1977 Pension Fund Summary Plan ("1977 Plan"). (Dkt. 30–4, Exh. D ("Plan Regs.")). The relevant portions of the 1977 Plan are discussed in greater detail below.

An employee under the 1977 Plan received one-tenth of one service credit for every 170 hours of contributions that that employee made to the Fund in a fiscal year, with a maximum earning of one service credit per year. (*Id*. § 3(2)). For vesting purposes, the Plan calculated a service credit as one-tenth of one service hour for every 100 hours of service, with a maximum earning of one

service credit per year. (*Id*. § 3(4)(b)). Effective January 1, 1976, a member covered by the 1977 Plan with less than 10 hours of service received a "break in service" for any calendar year in which the employee worked less than 170 hours of covered service. (*Id*. §3.5(b)). If the number of consecutive calendar years in which a participant earned less than 170 hours of service equaled or exceeded the total number of years credited, the Plan automatically canceled that employee's service credits. (*Id*. § 3.5(e)).

Hugee accumulated 2.1 pension credits during 4 years of covered service. (Dkt. No. 30-4, Exh. A). For a claimant to receive a normal pension, early retirement benefit, or disability benefit, the 1977 Plan required at least 10 years of service under Section 3.4(b). (Plan Regs. §§ 4(1), 4(2), 4(6)). To be eligible for a severance benefit, a claimant who ceased to be a member on or after January 1, 1966 was required to have at least two years of service credits, in addition to not having previously acquired a vested right to a pension. (*Id*. §§ 4(7), 6(2)).

In June and August of 2009, Hugee contacted the Fund to inquire generally about his rights to benefits under the 1977 Plan. (Def. 56.1 Stmt. ¶ 20). On June 10, 2009, the Fund responded that Hugee did not qualify for any pension benefits. (*Id*. ¶ 21). Again, in September 2010 and August 2012, the Fund

---

[1] The following facts are deemed admitted as they appear in Defendant's unopposed Local Civil Rule 56.1 Statement. E.D.N.Y. Local Civil Rule 56.1(c); *Trustees of the Local 7 Tile Indus. Welfare Fund v. Alp Stone, Inc.*, No. 12-CV-5974 (NGG) (RER), 2015 WL 4094615, at *1 n. 1 (E.D.N.Y. June 17, 2015) (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party … fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.")).

[2] Plaintiff's amended complaint alleges that he worked for Volkswagen in 1989. Whether Hugee last worked for Volkswagen in 1987, as reflected in the Fund's records (Dkt. No. 30 Exh. H), or 1989, it does not change the Court's ultimate determination on the motion for summary judgment.

looked into Hugee's eligibility upon his request. (*Id.* ¶ 25–26). On all four occasions the Fund found that Hugee did not qualify for a pension benefit because he did not have 10 years of service. (*Id.* ¶ 28). The Fund never specifically addressed whether Hugee was eligible for severance benefits, and Hugee never appealed the Fund's determination. (*Id.* ¶ 35).

## PROCEDURAL HISTORY

On March 27, 2017, Hugee commenced a civil action in the Civil Court of the City of New York, County of Queens, naming the Fund as Defendant. The Fund removed the action to this Court on April 26, 2017, on the basis of federal question jurisdiction. (Dkt. No. 1). Subsequently, Defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted. (Dkt. No. 8). Upon referral from Your Honor, I subsequently recommended that the Court give Plaintiff 30 days to file an amended complaint due to his failure to state a claim. (Dkt. No. 10).

Hugee amended his complaint on December 4, 2017, and December 14, 2017 to allege that the Fund owes him unpaid pension benefits under the collective bargaining agreement, including service credits for the time he was out on disability and a Death Benefit Certificate. (Dkt. No. 12; Dkt. No. 17). The Death Benefit Certificate provides that a "covered member" ceases entitlement to benefits when "cessation of active work [occurs] by layoff for more than 30 days, leave of absence for more than 30 days, resignation, discharge for just cause or cessation of active work for more than 30 days because of a disability." (Def. 56.1 Stmt ¶ 41).

Following Plaintiff's amended complaint, Defendant filed a motion for summary judgment on June 4, 2018. (Dkt. No. 30). Defendant alleges that Plaintiff's claims are time-barred, and, in any event, Plaintiff's failure to exhaust administrative remedies is a basis for summary judgment under ERISA. Defendant alternatively alleges that the Fund's benefits determination was neither arbitrary and capricious nor unreasonable, and that Plaintiff incorrectly seeks death benefits from the Pension Fund, when the Health Fund is the agency with authority over Death Benefit Certificates. (Dkt. No. 30).

## DISCUSSION

### I.   Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant summary judgment "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this decision, a court must review all evidence in the light most favorable to the non-movant, *see Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), "resolv[ing] all ambiguities and draw[ing] all inferences in favor of the non-moving party."

*Byrnie v. Town of Cromwell Bd. Of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001).

Even where, as here, a motion for summary judgment is unopposed, the Second Circuit has made clear that "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Trustees of the Local 7 Tile Indus. Welfare Fund*, 2015 WL 4094615, at *3 (citing *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)). The court may conduct a review of the affidavits and other evidence submitted in support of the motion to decide whether the movants have met their threshold burden of production. *See Annuity, Pension, Welfare & Training Funds of the Int'l Union of Operating Eng'rs Local 14-14B, AFL-CIO v. Centr. Enters., Inc.*, No. 11-CV-973 (FB), 2012 WL 4891564, at *4 (E.D.N.Y. Oct. 15, 2012) (citation omitted).

If movants meet this burden, the court must then determine whether these undisputed facts show the moving party is entitled to judgment as a matter of law. *See id.* (citing *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004)); *see also* FED. R. CIV. P. 56(e)(3) (authorizing courts in cases where a party fails to address another party's factual assertions to "grant summary judgment if the motion and supporting materials—including

the facts considered undisputed—show that the movant is entitled to it").

II.   Statute of Limitations

ERISA does not prescribe a statute of limitations for claims brought pursuant to 29 U.S.C. § 1132(a)(1)(B). [3] Instead, the controlling limitations period "is that specified in the most nearly analogous state limitations statute." *Miles v. N.Y. State Teamsters Conference Pension and Ret. Fund Emp. Pension Benefit Plan*, 698 F.2d 593, 598 (2d Cir. 1983) (citing *Bd. of Regents v. Tomanio*, 446 U.S. 478, 483–84 (1980)); *see also Costa v. Astoria Fed. Sav. and Loan Ass'n*, 995 F.Supp.2d 146, 151 (E.D.N.Y. Feb. 4, 2014) (collecting cases). This Circuit has found that Section 1132(a)(1)(B) claims are most nearly analogous to contract claims, and thus New York's six-year statute of limitations for contract claims applies. N.Y. CIVIL PRACTICE LAW AND RULES ("NYCPLR") § 213. *See Muto v. CBS Corp.*, 668 F.3d 53, 57 (2d Cir. 2010); *Burke v. PriceWaterhouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 78–79 & n. 2 (2d Cir. 2009); s*ee Carey v. Electrical Workers Local 363 Pension Plan*, 201 F.3d 44, 46–47 (2d Cir. 1999). The statute of limitations period begins to run in ERISA claims "upon a clear repudiation that is known, or should be known, to the plaintiff–regardless of whether the plaintiff has filed a formal application for benefits." *Carey v. Int'l Broth. Of Elec. Workers Local 363*

---

[3] Based upon Plaintiff's *pro se* amended complaint and Defendant's unopposed motion for summary judgment, Plaintiff's claims are deemed to be brought under Section 502(a)(1)(B) of ERISA. 29 U.S.C. § 1132(a)(1)(B).

*Pension Plan*, 201 F.3d 44, 49 (2d Cir. 1999) (internal citations and quotations omitted).

Applying this standard, Hugees's cause of action accrued on June 10, 2009 when the Fund informed him of his ineligibility to receive pension benefits. (Dkt. No. 30-4, Exh. A); *see, e.g.*, *Carey*, 201 F.3d at 47; *Costa*, 995 F.Supp 2d at 152. "Such a denial constitutes a 'clear repudiation,' since he was 'unequivocally notified that [ ] [his] claim for benefits ha[d] been denied." *Id*. (quoting *Yuhas v. Provident Life and Cas. Ins. Co.*, 162 F.Supp.2d 227, 231–32 (S.D.N.Y. 2001)). Hugee's clear repudiation occurred approximately seven years and nine months before the Plaintiff commenced this action on March 27, 2017, placing his claims well outside the applicable six-year statute of limitations.

Plaintiff's subsequent requests for the Fund to review his entitlement to pension benefits does not reset the date of his initial repudiation. *See, e.g., id*. at 152–53 (citing

*O'Donnell v. Metlife Disability Ins. Co.*, 2009 WL 884811, at *4 (S.D.N.Y. Mar. 31, 2009) ("Notwithstanding [the] Plaintiff's allegations of communications subsequent to October 30, 2001, the Complaint does not allege any events or facts that could cast doubt on the conclusion that [a] statement [by the defendant's employee] to the Plaintiff on October 30, 2001 was a clear notification of Defendant's final denial of Plaintiff's claim. Allegations that Defendant reiterated its denial in writing and sometimes responded to Plaintiff's continued inquires do not enable Plaintiff to state a claim that the limitations period restarted after October 30, 2001."). Accordingly, despite Hugee's additional letters to the fund in 2012 and 2016, his claims remain time-barred. [4]

III. Death Benefit Certificate

Regardless of whether the Fund has the authority to determine Death Benefit Certificate benefits (Dkt. No. 30-4, Exh. A), the plain text of this document demonstrates

---

[4] Plaintiff bears the burden of raising and substantiating a request for the court to equitably toll a statute of limitations. *DeMarco v. Hartford Life and Acc. Ins. Co.*, No. 12-CV-4313 (BMC), 2014 WL 3490481, at *1 (E.D.N.Y. 2014). Even if Hugee had not waived his equitable tolling argument, and the Court found this "extraordinary remedy" appropriate, Hugee's claims remain untimely. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 326 (2d Cir. 2004).

Regardless of whether the Fund failed to inform Hugee of his right to file an action in court, as required by 29 C.F.R. §§ 2560.503-1(g), this failure does not "automatically toll the statute of limitations." *Veltri*, 393 F.3d at 326. "[A] plaintiff with actual knowledge of [the] right to sue may not rely on equitable tolling." *Id.* (approving of the First Circuit's approach to equitable tolling in the ERISA context in *I.V. Serv. of America, Inc. v. Inn Dev. Mgmt., Inc.*, 182 F.3d 51, 54 (1st Cir. 1999)).

Hugee signed an authorization and release form with South Brooklyn Legal Services on August 31, 2010. (Dkt. No. 30-4, Exh. B). An attorney from this organization contacted the Fund on Hugee's behalf, on September 10, 2010.  (*Id.*). By seeking out legal counsel, Hugee had actual knowledge of his right to bring a judicial action challenging the denial of his benefits as of, at the latest, September 10, 2010. *See Strom v. Siegel Fenchel & Peddy P.C. Profit Sharing Plan*, 497 F.3d 234, 246 (2d Cir. 2007) (citing *Veltri*, 393 F.3d at 326). Additionally, the Fund included a copy of the 1977 Plan in the September 10, 2010 letter, which states that Hugee has a right to file suit in court to challenge their determination. (Dkt. No. 30-4, Exh. D). Even if the Court tolled Hugee's time until September 10, 2010, the date when a lawyer contacted the Fund on Hugee's behalf, Hugee still failed to file this action within the six year statute of limitations.

that Hugee is not a covered employee. Sections 4 and 5 of the Death Benefit Certificate provide that an employee ceases to be eligible for death benefits "upon termination of said employment." (*Id.*). [5] Hugee is no longer employed by an employer covered by the Fund and therefore, he has no claim to benefits provided by the Death Benefit Certificate.

## CONCLUSION

For the reasons set forth herein, I respectfully recommend that Defendant's motion for summary judgment be granted and Plaintiff's complaint be dismissed in its entirety. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Margo K. Brodie within fourteen days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: February 15, 2019
Brooklyn, NY

---

[5] Termination of employment is defined as "cessation of active work by layoff for more than 30 days, leave of absence for more than 30 days, resignation, discharge for just cause or cessation of active work for more than 30 days because of disability." (Dkt. No. 30-4, Exh. D).