UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JAMES HUGEE,

                              Plaintiff,                        **MEMORANDUM & ORDER**
                                                                                 17-CV-2491 (MKB) (RER)

                              v.

U.A.W. LOCAL 259 PENSION FUND,

                              Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff James Hugee, proceeding *pro se*, commenced the above-captioned action in the Civil Court of the City of New York, Queens County, alleging breach of contract against Defendant U.A.W. Local 259 Pension Fund (the "Pension Fund") seeking to recover pension plan benefits. (Compl., annexed to Notice of Removal as Ex. B, Docket Entry No. 1-2.) On April 26, 2017, the Pension Fund removed the action to the Eastern District of New York pursuant to section 502 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132 ("ERISA"). (Notice of Removal, Docket Entry No. 1.) Plaintiff filed an Amended Complaint on December 4, 2017. (Am. Compl., Docket Entry No. 12.) On June 4, 2018, the Pension Fund moved for summary judgment. (Def. Mot. for Summ. J. ("Def. Mot."), Docket Entry No. 30.) The Court referred the motion to Magistrate Judge Ramon E. Reyes, Jr. on June 13, 2018. (Order dated June 13, 2018.)

      Currently before the Court is a report and recommendation from Judge Reyes, recommending that the Court grant the Pension Fund's motion for summary judgment (the "R&R"). (R&R, Docket Entry No. 33.) Plaintiff filed objections to the R&R on February 26, 2019, and on March 6, 2019, the Pension Fund responded to Plaintiff's objections. (Pl. Obj. to

R&R ("Pl. Obj."), Docket Entry No. 35; Def. Resp. to Pl. Obj to R&R ("Def. Resp."), Docket Entry No. 36.) For the reasons set forth below, the Court grants the Pension Fund's motion for summary judgment.

## I. Background

The Court assumes familiarity with the underlying facts as detailed in the R&R and provides only a summary of the pertinent facts.

### a. Factual background

#### i. The 1977 Pension Plan

Plaintiff is a former employee of Volkswagen of Woodside, New York ("Volkswagen").[1] (Exs. to Aff. of Marylou Gartland ("Gartland Exs.") 15, annexed to Def. Mot. as Ex. 4, Docket Entry No. 30-4.) Plaintiff worked at Volkswagen for approximately four years. (Def. Rule 56.1 Statement of Undisputed Material Facts ("Def. 56.1") ¶ 12, annexed to Def. Mot. as Ex. 1, Docket Entry No. 30-1.) Pursuant to a collective bargaining agreement with the Pension Fund, Volkswagen contributed to a pension fund, a multiemployer employee benefit plan as defined by ERISA, 29 U.S.C. § 1002(3), (37), on behalf of Plaintiff. (*Id*. ¶¶ 1, 8.)

The 1977 Pension Fund Plan (the "Pension Plan") was in effect during Plaintiff's employment at Volkswagen. (*Id*. ¶ 2.) The Pension Plan's Summary Plan Description (the "SPD") provides "information about the rules and level of benefits" available to employees and communicates the terms of the Pension Plan to its members. (*Id*. ¶¶ 2, 10; Gartland Exs. 30.)

---

[1] The Court draws the following facts from the Pension Fund's statement of undisputed facts filed on June 4, 2018. (Def. 56.1.) Plaintiff has not submitted a counter-statement of facts. However, in light of Plaintiff's *pro se* status, the Court will "deem admitted only those facts that are supported by the record and not controverted by other admissible evidence." *Hill v. Laird*, 06-CV-126, 2016 WL 3248332, at *4 (E.D.N.Y. June 13, 2016) (citing *McLean v. Metro. Jewish Geriatric Ctr.*, No. 11-CV-3065, 2013 WL 5744467, at *1 (E.D.N.Y. Oct. 23, 2013)) (internal quotation marks omitted).

The SPD provides that "an employee [under the Pension Plan] shall be credited . . . for each 170 hours for which contributions are made to the [Pension] Plan by a Participating Employer during any fiscal year. . . no employee shall be credited with more than tenth-tenths [1 credit] in any fiscal year." (Gartland Exs. 41.) The SPD explains that for vesting purposes "for a calendar year during which [an employee] worked at least 1000 hours in covered service, one year of service will be credited," however, if an employee works less than 1000 hours in a covered year, the employee will receive one-tenth of one service hour for every 100 hours in covered service. (*Id*. at 31.) The SPD also explains that effective January 1, 1976, employees with the Pension Plan that had less than ten years of service would have a break in service for any calendar year in which the employee received less than 170 hours of covered service. (*Id*. at 43; Def. 56.1 ¶ 7.) Further, if the number of consecutive calendar years in which the employee earns less than 170 hours of service equals or exceeds the total number of years credited to that employee, the Pension Plan will automatically cancel that employee's service credits. (*Id*.) Under the Pension Plan, a claimant can only receive a normal pension, early retirement benefit, or disability benefit if they have at least ten years of service. (Gartland Exs. 45.)

### ii. Plaintiff's pension fund requests

The Pension Plan covered Plaintiff during parts of 1983, 1984, 1985, and 1987, (Def. 56.1 ¶ 8), and Plaintiff accumulated a total of 2.1 pension credits during the four years he worked at Volkswagen and had covered service, (Def. 56.1 ¶ 13; Gartland Exs. 2). In June and August of 2009, Plaintiff contacted the Pension Fund and inquired about his rights to benefits under the Pension Plan. (Def. 56.1 ¶¶ 20, 22; Gartland Exs. 3.) The Pension Fund responded to Plaintiff's inquiries by letters dated June 10, 2009 and August 4, 2009 (the "June 2009 Letter" and the "August 2009 Letter," respectively), and informed Plaintiff that he did not qualify for any

pension benefits.[2] (Def. 56.1 ¶¶ 21, 23; Gartland Exs. 2, 6.)

On September 10, 2010, South Brooklyn Legal Services ("Brooklyn Legal Services") contacted the Pension Fund on behalf of Plaintiff and inquired about Plaintiff's benefits under the Pension Plan. (Def. 56.1 ¶ 24; Gartland Exs. 15, 16.) The Pension Fund responded to Brooklyn Legal Services' inquiry by letter dated September 22, 2010 (the "September 2010 Letter"), and provided an overview of the rules and regulations of the Pension Plan, a breakdown of Plaintiff's hours per year under the Pension Plan, and a statement explaining that Plaintiff was not entitled to benefits under the Pension Plan's rules. (Gartland Exs. 14; Def. 56.1 ¶ 25.)

On August 6, 2012, Brian Schneck, President of the U.A.W. Local 259, sent an email to the Pension Fund and explained that Plaintiff was "making a claim for a Pension benefit," and requested that the Pension Fund "assist [with] the matter." (Gartland Exs. 8.) In response to Schneck's request, the Pension Fund issued a letter to Plaintiff dated September 12, 2012 (the "September 2012 letter"), explaining again why he was not entitled to pension benefits under the Pension Plan. (*Id*. at 7.)

All of the letter responses issued by the Pension Fund explain that Volkswagen had contributed to Plaintiff's Pension Plan from 1983 to 1987 and that Plaintiff had only accumulated a total of 2.1 pension credits during his four years of employment. (*Id*. at 2, 4, 6, 7, 9, 14.) The letters also explain that since Plaintiff worked prior to January 1, 1998, he was required to work for ten years to be eligible for Pension benefits. (*Id*.) The letters note that had Plaintiff worked subsequent to January 1, 1998, he would have been required to work for five years to be eligible for Pension benefits. (*Id*.) In the letters, the Pension Fund does not formally advise Plaintiff of

---

[2] The Pension Fund also sent a letter to Plaintiff on July 7, 2009 (the "July 2009 Letter") informing him that he did not qualify for any pension benefits. (Gartland Exs. 4.) The record does not include a corresponding letter from Plaintiff.

4

his right to bring an action under ERISA or appeal to the Board of Trustees, however, Plaintiff was provided a copy of the SPD in 2009, (Def. 56.1 ¶ 33), which sets out the appeal procedures for the Pension Plan.[3]  (*Id*. ¶ 7.)

### b. Procedural history

On March 27, 2017, Plaintiff commenced a civil action against the Pension Fund in the Civil Court of the City of New York, County of Queens.  (Compl.)  After the Pension Fund removed the action to this Court, on May 26, 2017, the Pension Fund filed a motion to dismiss Plaintiff's Complaint for failure to state a claim.  (Def. Mot. to Dismiss, Docket Entry No. 8.)  By Order dated October 10, 2017, the Court referred the Pension Fund's motion to Judge Reyes for a report and recommendation.  (Order dated Oct. 10, 2017.)  Judge Reyes recommended that the Court grant Plaintiff thirty days to file an amended complaint due to his failure to state a claim.  (R&R dated Nov. 1, 2017, Docket Entry No. 10.)

Plaintiff filed his Amended Complaint on December 4, 2017, alleging that the Pension Fund owed him unpaid pension benefits under the Pension Plan, including service credits, death benefits, and credits for the time he was out of work on disability.  (Am. Compl.)  The Pension Fund filed a motion for summary judgment on June 4, 2018, arguing that the Amended Complaint should be dismissed because (1) Plaintiff's claims are time-barred, and (2) Plaintiff is not able to seek death benefits from the Pension Fund because the Health Fund has authority over death benefit certificates.  (Def. Mot.)  In the alternative, the Pension Fund argued that the Court should grant its summary judgment motion because of Plaintiff's failure to exhaust his

---

[3] In August of 2009, the Pension Fund provided a copy of the 1977 SPD to Plaintiff. (Def. 56.1 ¶ 33.)  In addition, Plaintiff faxed a page from the 2005 SPD to the Pension Fund affixed to his letter dated June 26, 2009, which also set out the appeal procedures for pension plans.  (*Id*.)

5

administrative remedies. (*Id*.)

## II. Report and recommendation

By R&R dated February 15, 2019, Judge Reyes recommended that the Court grant the Pension Fund's motion for summary judgment and dismiss Plaintiff's Amended Complaint in its entirety because (1) Plaintiff's claims are time-barred, and (2) Plaintiff is ineligible for death benefits because he is no longer employed by an employer contributing to the Pension Plan.[4] (R&R 6.)

### a. Statute of limitations

Addressing the timeliness of Plaintiff's claims, Judge Reyes explained that although ERISA "does not prescribe a statute of limitations for claims brought pursuant to 29 U.S.C. § 1132(a)(1)(b)," the controlling limitations period for Plaintiff's ERISA claims is "New York's six-year statute of limitations for contract claims." (*Id*. at 4.) In determining the accrual date, Judge Reyes found that Plaintiff's cause of action accrued on June 10, 2009, when he received the June 2009 Letter from the Pension Fund informing him of his ineligibility to receive benefits. (*Id*. at 5.) Judge Reyes stated that the Pension Fund's denial of benefits in the June 2009 Letter "constitute[ed] a 'clear repudiation' since Plaintiff was unequivocally notified that his claim for benefits had been denied." (*Id*.) Plaintiff commenced this action in 2017, and because the "clear repudiation occurred approximately seven years and nine months before Plaintiff commenced this action," Judge Reyes concluded that Plaintiff's claims were "well outside the applicable six-year statute of limitations." (*Id*.) Judge Reyes further noted that Plaintiff's "subsequent requests for the [Pension] Fund to review his entitlement to pension benefits [did]

---

[4] Judge Reyes declined to address the Pension Fund's argument that Plaintiff failed to exhaust his administrative remedies because he found that Plaintiff's claims were time-barred.

not reset the date of his initial repudiation." (*Id*.)

### b. Death benefits

Judge Reyes found that notwithstanding the question of the Pension Fund's authority to determine death benefits, the plain text of the death certificate provided by Plaintiff indicates that "an employee ceases to be eligible for death benefits upon termination of said employment." (*Id*. at 6.) Therefore, because Plaintiff is no longer employed at Volkswagen, he has no claim to benefits provided by the death benefit certificate. (*Id*.)

## III. Discussion

### a. Standards of review

#### i. Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected. *Id*.; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain de novo review by [a] district court" (citations omitted)); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."

(emphasis added)); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758, (2d Cir. 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

### ii. Summary judgment

Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018); *see also Cortes v. MTA NYC Transit*, 802 F.3d 226, 230 (2d Cir. 2015). The role of the court "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Rogoz v. City of Hartford*, 796 F.3d 236, 245 (2d Cir. 2015) (first quoting *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010); and then citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A genuine issue of fact exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment. *Id.* The court's function is to decide "whether, after resolving all ambiguities and drawing all inferences in favor of the nonmoving party, a rational juror could find in favor of that party." *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000).

Even where a summary judgment motion is wholly unopposed, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Gachette v.*

*Metro North-High Bridge*, 598 F. App'x 803, 804 (2d Cir. 2015) (quoting *Vermont Teddy Bear Co., Inc. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

### b. Unopposed recommendations

No party objected to Judge Reyes' recommendation that the Court grant the Pension Fund's motion for summary judgment as to Plaintiff's claim for death benefits.[5] The Court has reviewed the unopposed portion of the R&R and, finding no clear error, the Court adopts this recommendation pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court grants the Pension Fund's motion for summary judgment as to Plaintiff's claim for death benefits.

### c. Plaintiff's objections

Plaintiff objects to Judge Reyes' recommendation that the Court dismiss Plaintiff's claims because they are time-barred. (Pl. Obj.) Plaintiff suggests that the statute of limitations began to run in August of 2012 when he last inquired about his benefits. (*Id.*) Plaintiff also argues that the "Fund Department . . . keep[s] deny[ing] to admit the truth [of] what [is] really [in] existence . . . [and] in the [19]80s the rules only [required] three year[s] to vest[,] ten years was [for Plans] in the [19]90s." (*Id.*)

### d. Defendant's response to Plaintiff's objections

In opposition to Plaintiff's objections, the Pension Fund argues that the Court should adopt Judge Reyes' recommendation because it is "thorough, well-reasoned and supported by applicable law," and Plaintiff's objection to the R&R does "not contain any case law and fails to address the basis of the [R&R's] findings," that Plaintiff's claims are time-barred. (Def. Resp. 2.)

---

[5] In response to Plaintiff's objections to the R&R, the Pension Fund notes that Plaintiff failed to address Judge Reyes' recommendation that the Court grant its motion for summary judgment as to Plaintiff's claim for death benefits. (Def. Resp. 2.)

### e. Plaintiff's claims are time-barred

"ERISA does not specify a limitations period for denial-of-benefits claims, so a court applies the most analogous state limitations statute." *Testa v. Becker*, 910 F.3d 677, 682 (2d Cir. 2018) (internal quotations omitted) (citing *Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 78 (2d Cir. 2009)). The Second Circuit has found New York's six-year limitations period for contract actions most analogous to ERISA denial of benefits claims. *See Burke*, 572 F.3d at 78 ("New York's six-year limitations period for contract actions, N.Y.C.P.L.R. 213, applies here as it is most analogous to ERISA denial-of-benefits claims." (citations and internal quotation marks omitted)); *see also Muto v. CBS Corp.*, 668 F.3d 53, 57 (2d Cir. 2012) (analogizing a claim seeking benefits under section 1132 to a breach of contract claim and applying New York's six-year limitations period for contract claims). An ERISA denial-of-benefits claim accrues "when a plan denies a beneficiary's formal application for benefits, but it may also accrue upon clear repudiation by the plan that is known or should be known, to the plaintiff — regardless of whether the plaintiff has filed a formal application for benefits." *Testa*, 910 F.3d at 682 (citations and internal quotations omitted).

Based on the evidence in the record, Plaintiff's claims are time-barred because he received a clear repudiation from the Pension Fund when he received the June 2009 Letter informing him that he was ineligible to receive pension benefits. *Id*. at 682.

Plaintiff appears to argue that the statute of limitations did not begin to accrue until he received the August 2012 Letter from the Pension Fund; however, the letters Plaintiff received from the Pension Fund after the June 2009 Letter do not make the initial repudiation any less final. *See O'Donnell v. Metlife Disability Ins. Co.*, No. 08-CV-1117, 2009 WL 884811, at *4 (S.D.N.Y. Mar. 31, 2009) (stating that "[a]llegations that [the defendant] reiterated its denial in

writing and sometimes responded to [the] [p]laintiff's continued inquiries do not enable [the] [p]laintiff to state a claim that the limitations period restarted after" he received his initial letter) (citations omitted); *see also Yuhas v. Provident Life & Cas. Ins. Co.*, 162 F. Supp. 2d 227, 232 (S.D.N.Y. 2001) (holding that plaintiff's claim did not "c[o]me back to life for statute of limitations purposes when defendant wrote to plaintiff that [t]he ERISA appeal period ha[d] expired, and [n]o further examination of [plaintiff's] claim w[ould] be made, because defendant used similar language in several [previous] letters . . . , effectively repudiating plaintiff's claim for additional . . . benefits") (internal quotation omitted); *Green v. Int'l Bus. Machs. Corp.*, No. 01-CV-2334, 2001 WL 736811, at *2 (S.D.N.Y. June 22, 2001) (stating that although the plaintiff alleged that "he received a telephone call on January 24, 1995 in which [he was] told . . . that [his] plan was terminated . . . [and] received a letter to that effect . . . several days later. . . [the] [p]laintiff's cause of action accrued on January 24, 1995, the date he learned of [his plan's] repudiation," over the telephone); *Mitchell v. Shearson Lehman Bros.*, No. 97-CV-526, 1997 WL 277381, at *6 (S.D.N.Y. May 27, 1997) ("[A] plaintiff cannot continue extending the accrual date merely by requesting repeated reconsideration from the plan administrator or the insurer. It is the completion of the formal internal review that commences the limitations period.").

Plaintiff received the June 2009 Letter more than seven years before he commenced the current action. Accordingly, his claim is time-barred and the Court dismisses the claim.

11

## IV. Conclusion

For the foregoing reasons, the Court grants the Pension Fund's motion for summary judgment as to Plaintiff's denial of benefits and death benefit claims. The Clerk of Court is directed to close this case.

Dated: March 19, 2019
       Brooklyn, New York

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge